UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on June 6, 2025

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| v. | |
| DOMONIC TABRON, | VIOLATIONS:<br>18 U.S.C. § 1591(a)(1), (a)(2), and (b)(1)<br>(Sex Trafficking by Force, Fraud, and |
| Defendant. | Coercion)<br>18 U.S.C. § 2422(a)<br>(Coercion and Enticement)<br>18 U.S.C. § 2421<br>(Transportation with Intent to Engage in<br>Prostitution)<br>18 U.S.C. § 1952(a)(3)(A)<br>(Interstate Travel or Transportation in Aid<br>of Racketeering Offenses)<br>22 D.C. §§ 2103, 4502<br>(Second Degree Murder While Armed)<br>22 D.C. § 402<br>(Assault with a Dangerous Weapon)<br><br>FORFEITURE:<br>18 U.S.C. § 1594(d), 2428(a);<br>21 U.S.C. § 853(p) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On or about and between January 31, 2022, and July 9, 2022, in the District of Columbia, the defendant, DOMONIC TABRON, did, in or affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit by any means,

and benefit financially by receiving anything of value for participating in a venture that did recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit by any means, a person – that is, B.P. – knowing that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause B.P. to engage in a commercial sex act.

**(Sex Trafficking by Force, Fraud, and Coercion**, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), and (b)(1))

## COUNT TWO

On or about and between January 31, 2022, and July 9, 2022, within the District of Columbia, in and affecting interstate commerce, the defendant, DOMONIC TABRON, used an instrumentality of interstate commerce, including cellphones and the internet, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of prostitution offenses in violation of the laws of the District of Columbia and the United States, and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on such unlawful prostitution activity.

**(Interstate Travel and Transportation in Aid of Racketeering,** in violation of 18 U.S.C. § 1952(a)(3)(A))

## COUNT THREE

On or about July 9, 2022, within the District of Columbia, the defendant, DOMONIC TABRON, with the intent to kill another and to inflict serious bodily injury on another and with a conscious disregard of an extreme risk of death or serious bodily injury to another, and while armed with a sharp object, caused the death of B.P. by stabbing her with the sharp object, thereby causing injuries from which B.P. died on July 9, 2022.

**(Second Degree Murder While Armed,** in violation of 22 D.C. Code § 2103, 4502)

## COUNT FOUR

On or about and between August 21, 2020, and November 3, 2020, in the District of Columbia and elsewhere, the defendant, DOMONIC TABRON, did, in or affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit by any means, and benefit financially by receiving anything of value for participating in a venture that did recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit by any means, a person – that is, C.L. – knowing that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause C.L. to engage in a commercial sex act.

**(Sex Trafficking by Force, Fraud, and Coercion**, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), and (b)(1))

## COUNT FIVE

On or about and between August 21, 2020, and November 3, 2020, in the District of Columbia and elsewhere, the defendant, DOMONIC TABRON, did knowingly persuade, induce, entice, and coerce a person – that is, C.L. – to travel in interstate or foreign commerce to engage in prostitution, and attempted to do so.

**(Coercion and Enticement**, in violation of 18 U.S.C. § 2422(a))

## COUNT SIX

On or about and between August 21, 2020, and November 3, 2020, in the District of Columbia and elsewhere, the defendant, DOMONIC TABRON, did knowingly transport a person – that is, C.L. – in interstate or foreign commerce, with the intent that C.L. engage in prostitution, or attempted to do so.

**(Transportation with Intent to Engage in Prostitution,** in violation of 18 U.S.C. § 2421

## COUNT SEVEN

On or about and between August 21, 2020, and November 3, 2020, within the District of Columbia and elsewhere, in and affecting interstate commerce, the defendant, DOMONIC TABRON, used an instrumentality of interstate commerce, including cellphones and the internet, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of prostitution offenses in violation of the laws of the District of Columbia and the United States, and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on such unlawful prostitution activity.

**(Interstate Travel and Transportation in Aid of Racketeering,** in violation of 18 U.S.C. § 1952(a)(3)(A))

## COUNT EIGHT

On or about November 2, 2020, within the District of Columbia, the defendant, DOMONIC TABRON, assaulted C.L. with a dangerous weapon, that is, a pole.

**(Assault with a Dangerous Weapon,** in violation of 22 D.C. Code § 402)

4

## COUNT NINE

On or about and between November 10, 2020, and December 1, 2020, in the District of Columbia, the defendant, DOMONIC TABRON, did, in or affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit by any means, and benefit financially by receiving anything of value for participating in a venture that did recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit by any means, a person – that is, K.B. – knowing that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause K.B. to engage in a commercial sex act.

> **(Sex Trafficking by Force, Fraud, and Coercion**, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), and (b)(1))

## COUNT TEN

On or about and between November 10, 2020, and December 1, 2020, within the District of Columbia, in and affecting interstate commerce, the defendant, DOMONIC TABRON, used an instrumentality of interstate commerce, including cellphones and the internet, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of prostitution offenses in violation of the laws of the District of Columbia and the United States, and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on such unlawful prostitution activity.

> **(Interstate Travel and Transportation in Aid of Racketeering**, in violation of 18 U.S.C. § 1952(a)(3)(A))

## FORFEITURE ALLEGATION

1.   Upon conviction of the offenses alleged in Counts One, Four, and Nine, DOMONIC TABRON shall forfeit to the United States any interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violations, pursuant to 18 U.S.C. Section 1594(d). The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violations.

2.   Upon conviction of the offenses alleged in Counts Five and Six, the defendant, DOMONIC TABRON, shall forfeit to the United States any interest in any property, real or personal, that was used or intended to be used to commit or facilitate the commission of these violations and any property, real or personal, constituting or derived from any proceeds the defendant obtained, directly or indirectly as a result of these violations, pursuant to 18 U.S.C. Section 2428(a). The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations.

3.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

6

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 1594(d), 2428(a), and Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

Jeanine Ferris Pirro
United States Attorney

By: *Janani J. Iyengar*
Janani Iyengar
Assistant United States Attorney

7